John SEWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 61179.

Court of Criminal Appeals of Texas, Panel No. 2.

March 10, 1982.

Russell C. Busby, John Lesley, Amarillo, for appellant.

Tom Curtis, Dist. Atty., and John Byron Reese and Richard A. Keffler, Jr., Asst. Dist. Attys., Amarillo, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ODOM and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for retaliation. The jury assessed punishment at ten years confinement.

Ground of error one contends the evidence was not sufficient to sustain the jury's finding of guilt for the offense of retaliation as alleged.

Sec. 36.06, V.T.C.A. Penal Code provides:

"(A) A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for or on account of the service of another as a public servant, witness, or informant.

(B) ... 'informant' means a person who has communicated information to the government in connection with any governmental function..."

The indictment in the instant case charges in pertinent part that the appellant did:

"... knowingly and intentionally threaten to harm Jodie Anderson ... threatening to pour acid on the face of Jodie Anderson and threatening to kill Jodie Anderson, said threats being made in retaliation for or on account of *the service of Karen Anderson as an informant...*" (Emphasis added)

The record reflects Karen Anderson testified that on October 31, 1977 her apartment was burglarized. Anderson notified the police of the burglary and informed them that Sony stereo equipment was stolen. Anderson stated that the police came to her apartment to investigate the burglary and subsequently a detective contacted her regarding the burglary.

On November 2, 1977 Anderson indicated she spoke with the appellant. The appellant asked Anderson how badly she wanted the stereo back. Anderson told the appellant that she wanted her stereo returned and would like to know who took the stereo. The appellant looked at his companion and said, "I think I am going to make her a proposition." Appellant's companion answered, "I wouldn't, if I were you."

The appellant then told Anderson he had taken the stereo and that she could have the stereo back for something in trade. Appellant indicated to Anderson he would return the stereo if she dropped the charges. The appellant told Anderson to tell the police the appellant had loaned her some money and that appellant had taken the stereo to keep as collateral for the money.

Anderson further stated, "And he said that if I didn't, if the police didn't believe me, that I could ask them if they could protect me or Jodie from Jodie having acid thrown on her, or her possibly being killed." Jodie Anderson is Karen Anderson's 21-month-old daughter. Because of this threat, Anderson told Officer Howard of the Amarillo Police Department that she wanted to drop the charges. Anderson gave as a reason for dropping the charges, that the appellant had loaned her money and had taken the stereo as collateral.

The prosecuting attorney asked Anderson whether the appellant had threatened her before that time. Anderson answered, "No. Just even though we would be playing around, all of a sudden he was just joking." The prosecuting attorney then asked Anderson whether the appellant had threatened her again after the initial threat. Anderson answered that after the threat charged in the indictment, the appellant had again threatened her the night he set Shawn Johnson on fire.

Charles Howard, a sergeant for the Amarillo Police Department, testified that he investigated the burglary that occurred at Karen Anderson's apartment and that Anderson was the complainant in the case.

The main thrust of appellant's argument is that the evidence failed to show that Karen Anderson was an informant. Appellant contends that reporting the circumstances surrounding a burglary would at best classify Anderson as a witness, not an informant. We do not agree with appellant's argument.

In *Jones v. State*, 628 S.W.2d 51 (1981), this Court declined to hold that a "witness", as that term is used in Sec. 36.06, V.T.C.A. Penal Code, included one who perceived an event and relayed the information gained to the police. We pointed out that Sec. 36.06, supra, provides protection for those " 'who relay information gained to the police,' by including informants as a class of individuals protected from retaliation."

■ In the instant case, Karen Anderson reported information, the occurrence of a burglary, to the police in connection with their function of ferreting out crime. We find the evidence was sufficient to show Karen Anderson acted as an informant under Sec. 36.06, V.T.C.A. Penal Code.

■ The appellant also contends the evidence was insufficient to prove that he threatened to pour acid on the face of Jodie Anderson as was charged in the indictment. Anderson testified that appellant told her if she did not drop the burglary charges, she should ask the police "if they could protect me or Jodie from Jodie having acid thrown on her, or possibly being killed." The jury was entitled to conclude the threat to throw acid on the small child meant the acid, when thrown, would land on Jodie Anderson's face. We overrule this ground of error.

Before addressing the appellant's second and third grounds of error we will set forth the portion of Karen Anderson's testimony regarding the extraneous offense addressed in both grounds of error.

The record reveals the following questions propounded to Karen Anderson by the prosecuting attorney:

"Q. Had this Defendant, John Sewell, ever threatened you before that time?

A. No. Just even though we would be playing around, all of a sudden he was just joking.

Q. Has he ever threatened you after that?

A. The night that he set Shawn Johnson on fire, he did.

MR. LESLY: We object to this, Your Honor. It is a conclusion on her part.

MR. HOLLOWAY: Your Honor, I would ask that that be admitted to show intent and motive."

The trial court sustained the appellant's objection to any discussion of the extraneous offense. The prosecuting attorney then continued the questions regarding threats subsequent to the instant offense:

"Q. On or about November 18th of 1977, did this Defendant, in your presence, threaten to kill Jodie Anderson?

A. Yes, sir.

Q. What did he say about Jodie Anderson at that time?

A. He said that if we went to the cops, Jodie would come up missing, or she could be burned real bad, or that we would be attending her funeral.

Q. So this one time wasn't the only time when he had threatened Jodie Anderson, is that correct?

A. That's correct.

Q. Do you think he was serious?"

The appellant again objected to this line of questioning; however, the trial court admitted it for the limited purpose of showing the state of mind of the witness.

"Q. (By Mr. Holloway) Why did you think he was serious?

A. Because John was known to do stuff like that.

MR. LESLY: We are going to object to that, Your Honor. It is an extraneous offense, and hearsay."

The appellant objected to the evidence of extraneous offenses. The Court allowed the prosecuting attorney to continue questioning the witness regarding why she thought the appellant's threats were serious as follows:

"Q. (By Mr. Holloway) Karen, what do you know, of your own personal knowledge, that made you think that this Defendant, John Davis Sewell, was serious?

A. He had been known to hurt people before. He had a bad reputation for that."

The appellant objected to the reputation evidence. Sustaining the objection, the trial court promptly requested the jury to disregard the appellant's reputation. The appellant's request for a mistrial was not ruled upon by the trial court.

At this point, the prosecuting attorney requested the trial court to admit evidence that the appellant set David Shawn Johnson afire and again threatened to harm Anderson and her daughter if she informed the police. The appellant objected; however, the prosecuting attorney argued that the evidence concerning the extraneous offense would show intent and motive on the part of the appellant when he made the initial threats. Before the trial court admitted the challenged evidence, Anderson was questioned outside the presence of the jury and her testimony sufficiently proved that the appellant committed the extraneous offense.

The following testimony was admitted in the presence of the jury:

"Q. Now, Karen, the line of testimony was about November 18, 1977.

On that date you had testimony that this Defendant seated over here made some threats against your baby?

A. Right.

Q. Did he make any threats against you?

A. He made some against me and other people.

Q. And you personally overheard those threats?

A. Yes. We were all in the living room.

Q. And what did he say to you and to the other people that you overheard?

A. He told us that if anybody wanted to know what happened to Shawn Johnson, that a Mexican had come in and had set him on fire. And he said that if anybody found out the truth then we would be hurt real bad, or Jodie would be burned real bad.

Q. Did you observe Shawn Johnson right after that?

A. After he was burned, I was woke up. I heard him screaming."

The appellant, in ground of error two, contends the trial court erred in allowing Karen Anderson to testify concerning an extraneous offense. The appellant argues that the challenged testimony was incorrectly admitted to show the state of mind of the witness, pointing out the recognized exception to admitting an extraneous offense is to the state of mind of the defendant. The appellant also contends the evidence is inadmissible because it occurred after the charged offense.

■ When a trial court's ruling on the admission of evidence is correct, although giving a wrong or insufficient reason, this Court will not reverse if the evidence is admissible for any reason. See *Miles v. State*, 488 S.W.2d 790 (Tex.Cr.App.1972); *Spann v. State*, 448 S.W.2d 128 (Tex.Cr. App.1969). We must, therefore, determine whether the evidence was admissible for *any* reason.

■ Evidence of unrelated offenses committed by a defendant is generally not admissible unless that evidence is introduced to establish identity, intent, motive or scheme. See *Chambers v. State*, 601 S.W.2d 360 (Tex.Cr.App.1980); *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr.App.1972); *O'Brien v. State*, 376 S.W.2d 833 (Tex.Cr.App.1964). The extraneous offense must possess the requisite similarities, such as proximity in time or place or common mode of the act to render it admissible on the issue of intent. See *Chambers v. State*, supra; *Collins v. State*, 577 S.W.2d 236 (Tex.Cr.App.1979); *Albrecht v. State*, supra. Further, evidence of *subsequent* crimes may be admitted for the limited purpose of showing intent. See *Allen v. State*, 533 S.W.2d 352 (Tex.Cr.App. 1976); *Ratcliff v. State*, 504 S.W.2d 883 (Tex.Cr.App.1974).

■ During the direct examination and subsequently on cross examination, the issue of whether the appellant's threats were serious or not, and, therefore, intentional, became apparent. Because the offense of retaliation requires proof of a culpable mental state of knowingly or intentionally, the evidence of extraneous offenses would be admissible to prove the appellant made the initial threats intentionally. See V.T.C.A. Penal Code, Sec. 36.06. Further, the extraneous threats were sufficiently similar to those charged in the instant case. The threats were made to the same person, at the same locality, close in time to the initial threat and for the similar purpose of preventing or punishing the threatened individual for giving information to the police. We conclude the challenged evidence was properly admitted on the issue of intent. This ground of error is overruled.

Appellant's final ground of error contends the trial court erred by refusing to grant a mistrial when Karen Anderson testified in the presence of the jury that the appellant had a bad reputation.

■ The introduction of reputation evidence at a time when the defendant has not placed his reputation into issue is error. A prompt instruction to disregard, however, will generally cure the error except in extreme cases where it appears that evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest impossibility of withdrawing the impression produced on their minds. See *Williams v. State*, 604 S.W.2d 146 (Tex.Cr. App.1980); *Seaton v. State*, 564 S.W.2d 721 (Tex.Cr.App.1978); *Cavender v. State*, 547 S.W.2d 601 (Tex.Cr.App.1977). The prompt action of the court, in the instant case, instructing the jury to disregard the witness' testimony regarding the reputation of the appellant was sufficient to cure any error. This ground of error is overruled.

The judgment is affirmed.