Affirmed and Memorandum Opinion filed November 24, 2004













Affirmed and Memorandum Opinion
filed November 24, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00959-CR

____________

 

CHRISTOPHER DOUGLAS WOOLVERTON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

___________________________________________________

 

On Appeal from the 178th District Court

Harris County,
Texas

Trial Court Cause No. 895,909

___________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant entered a plea of not
guilty to the offense of retaliation.  He
was convicted, and the jury sentenced him to sixty years in the Institutional
Division of the Texas Department of Criminal Justice.  In three issues, he contends the trial court
erred in admitting evidence of extraneous offenses and hearsay.  We affirm.

Background








In the summer of 2001, Mona
Scarbrough and appellant were engaged in an extra-marital affair.  When Mona attempted to end the affair,
appellant became aggressive and threatened Mona and her family.  After receiving several harassing telephone
calls, Mona bought a tape-recorder for her telephone and began to record
appellant=s calls.  Harold Scarbrough, Mona=s
husband, worked as a service technician for Halliburton in Houston, Texas.  On September 11, 2001, appellant telephoned
the Halliburton office in Houston
and requested that Harold be terminated from his employment.  Appellant threatened to Ablow up@ the
Halliburton building and kill Harold Scarbrough or his wife, children, and
co-workers.  On September 25, 2001,
appellant was convicted of making a misdemeanor terroristic threat and
sentenced to 120 days in the Harris County Jail.

On November 10, 2001, after being
released from jail, appellant again called the Halliburton offices.  Because November 10th was a weekend day,
Nicole Sheeter, a receptionist with the answering service, answered the
call.  Sheeter testified that the caller
said he had recently been released from jail for harassment, that he had been
sexually assaulted in jail, had stitches in his rectal area, and was going to
kill everyone concerned.  On Monday
morning, Sheeter reported the call to the sheriff=s
department.  She was able to identify
appellant=s voice from Mona=s tapes
of appellant=s harassing telephone calls.  

Issues and Analysis

In his first two issues,
appellant challenges the trial court=s
admission of extraneous offense evidence. 
Evidence of other
crimes is not admissible to prove a defendant=s character in order to show that he
acted in conformity therewith.  Tex. R. Evid. 404(b).  However, it may be admissible for other
purposes, such as proof of motive, intent, knowledge, or absence of mistake or
accident.  Id. 
When a party introduces evidence of other crimes for a purpose other
than character conformity, the evidence must be relevant.  See Mozon v. State, 991 S.W.2d 841,
846 (Tex. Crim. App. 1999).  The standard
of review on the admission of extraneous offenses is abuse of discretion.  Lane v. State, 933 S.W.2d 504, 519 (Tex.
Crim. App. 1996).








Did the trial court err in admitting
details of the September 11, 2001, call?

In his first issue, appellant contends the trial court erred
in admitting the details of the September 11, 2001, telephone call.  Appellant was first convicted of making a
misdemeanor terroristic threat as a result of the call he made on that
date.  Over appellant=s objection, Harold Scarborough
testified that appellant called the Halliburton offices, threatened to blow up
the building, and kill Harold or his wife, children, and co-workers.  Appellant contends the evidence of the actual
threats made during the phone call was not admissible under Texas Rules of
Evidence 403 and 404(b).

Admissibility of an extraneous offense hinges on the
relevancy of the evidence to a fact of consequence in the case.  Rankin v. State, 974 S.W.2d 707, 709
(Tex. Crim. App. 1996).  Extraneous
offense evidence is admissible if the proponent persuades the trial court the
extraneous evidence (1) tends to establish some elemental fact; (2) tends to
establish some evidentiary fact, such as intent, leading inferentially to an
elemental fact; or (3) rebuts a defensive theory.  Santellan v. State, 939 S.W.2d 155, 168B69 (Tex. Crim. App. 1997).  The proponent of the evidence must show that
evidence has relevance apart from showing character conformity.  Rankin, 974 S.W.2d. at 718; Montgomery
v. State, 810 S.W.2d 372, 387 (Tex. Crim. App. 1991) (op. on reh=g). 


Because the offense of retaliation requires proof of a culpable
mental state of knowingly or intentionally, the evidence of extraneous offenses
is admissible to prove the appellant made the initial threats
intentionally.  Sewell v. State,
629 S.W.2d 42, 46 (Tex. Crim. App. 1982); see also Tex. Pen. Code Ann. ' 36.06 (Vernon Supp. 2004).  Here, the first threat was sufficiently
similar to that charged in this case to render it admissible on the issue of
intent.  The threats were made at the
same location, to the same person, close in time, and for the similar purpose
of punishing the threatened individual. 
Because the evidence was properly admitted to show intent, the trial
court did not violate Rule 404(b) in admitting the evidence.








Appellant further objected under
Rule of Evidence 403 that the prejudicial effect of the details of the
September 11th call outweighed its probative value.  Although admissible, evidence may be excluded
if its relevance is outweighed by a danger that it will unfairly prejudice, confuse,
or mislead the jury, if its inclusion will result in undue delay, or if it is
needlessly cumulative.  Tex. R. Evid. 403.  Because Rule 403 favors admissibility of
relevant evidence, the presumption is that relevant evidence will be more
probative than prejudicial.  Montgomery v.
State, 810 S.W.2d at 389.  The burden
is on the opponent of the proffered evidence to demonstrate the negative
attributes of the evidence and to show how those negative attributes
substantially outweigh the probative value of the evidence.  Goldberg v. State, 95 S.W.3d 345, 367
(Tex. App.CHouston [1st Dist.] 2000, pet.
ref=d), cert.
denied, 124 S. Ct. 1436 (2004). 

In determining whether the
prejudice of admitting evidence outweighs its probative value, we consider the
following factors: 

(1)       how compellingly the evidence makes a
fact of consequence more or less probable; 

(2)       the potential the evidence has to impress
the jury in an irrational, but indelible way; 

(3)       the time the proponent will need to
develop the evidence, during which the jury will be distracted from
consideration of the indicted offense; and 

(4)       the proponent=s need for the evidence to
prove a fact of consequence. 

 

Manning v. State, 114
S.W.3d 922, 926 (Tex.
Crim. App. 2003). 








The evidence of the September
11th call is probative evidence of the offense for which appellant sought
retaliation and evidence of his intent to follow through on his threat.  As to whether the jury would be impressed in
an indelible way, the threat was similar to the threat for which appellant was
convicted of retaliation.  The fact that
appellant chose September 11, 2001, to make his threat was not overly
emphasized either in Harold=s
testimony or in the prosecutor=s closing
argument.  The time needed to develop the
evidence was minimal; therefore, the jury was not distracted from the indicted
offense.  Finally, the evidence was
necessary to show why appellant had been incarcerated and what had instigated
his retaliation.  After reviewing the
appropriate factors, we conclude there is not a clear disparity between the
degree of prejudice of the September 11th call and its probative value.  We overrule appellant=s first
issue.

Did the
trial court err in admitting evidence of previous threats on audiotape?

In his second issue, appellant
contends the trial court erred in admitting two audiotapes of threats made by
appellant to Mona Scarbrough.  Mona
testified that prior to the September 11th call to Halliburton, appellant had
called her home repeatedly and threatened her and her family.  As a result, Mona began to record appellant=s
telephone calls to her home.  Two of the
threatening calls were played for the jury for the purpose of identifying
appellant=s voice.  Appellant objected that the entire tapes
should not be played because they contained extraneous offenses that were not
admissible under Texas Rule of Evidence 404(b). 
Appellant did not object under Rule 403. 
The trial court overruled the objection, but instructed the jury to
consider the audiotape only for the purpose of voice identification.

Extraneous offenses may be
admissible to show identity when identity is an issue in the case.  Lane v. State, 933 S.W.2d 504, 519
(Tex. Crim. App. 1996).  Raising the
issue of identity does not automatically render evidence of an extraneous
offense admissible.  Id. 
For such evidence to be admissible, the extraneous offense must be so
similar to the offense charged that both offenses are marked as the accused=s
handiwork.  Id. 
Sufficient similarity may be shown by proximity in time and place or by
a common mode of committing the offenses. 
Harvey v. State, 3 S.W.3d 170, 175B76 (Tex.
App.CHouston
[14th Dist.] 1999, pet. ref=d).  








In this case, identity was an
issue because appellant did not identify himself to the answering service when
he made the November 10th call.  The
audiotapes were made shortly before the September 11th call, and the threats
were similar to those made on September 11th and on November 10th.  The proximity in time and place, the common
mode of committing the offenses, and the circumstances surrounding the offenses
are sufficiently similar for the extraneous offenses on the audiotapes to be
relevant to the issue of identity. 
Further, the trial court timely instructed the jury not to consider the
audiotape for any purpose other than identity, which lessened any prejudicial
effect of the evidence.  See Robinson
v. State, 701 S.W.2d 895, 899 (Tex. Crim. App. 1985).  We overrule appellant=s second
issue.

Did the
trial court err in admitting hearsay testimony through Sergeant Moore?

In his third issue, appellant
contends the trial court erred in admitting inadmissible hearsay through
Sergeant Moore=s testimony.  Sergeant Moore testified that Nicole Sheeter
reported the details of the November 10th call to him.  Over objection, Moore was permitted to testify to the details
of the call.  Nicole Sheeter testified at
trial to the details of appellant=s threat
on November 10, 2001.

Hearsay is a statement, other than one made by the declarant
while testifying at trial or hearing, offered in evidence to prove the truth of
the matter asserted.  Tex. R. Evid. 801(d).  Hearsay is not admissible except as provided
by statute or the rules of evidence or by other rules prescribed pursuant to
statutory authority.  Tex. R. Evid. 802; Long v. State,
800 S.W.2d 545, 547B48 (Tex. Crim. App. 1990). 
We conclude Sergeant Moore=s testimony about what Sheeter told
him was hearsay that does not fall within an exception.  Therefore, the trial court abused its
discretion in admitting Sergeant Moore=s testimony over objection.








A violation of evidentiary rules that results in the
erroneous admission of evidence is non‑constitutional error under Rule
44.2(b).  Tex. R. App. P. 44.2(b); Johnson v. State, 967 S.W.2d
410, 417 (Tex. Crim. App. 1998); King v. State, 953 S.W.2d 266, 271
(Tex. Crim. App. 1997).  Any
non-constitutional error that does not affect substantial rights must be
disregarded.  Tex. R. App. P. 44.2(b); Johnson v. State, 43 S.W.3d 1,
4 (Tex. Crim. App. 2001).  A substantial
right is affected when the error had a substantial and injurious effect or
influence in determining the jury=s verdict.  King, 953 S.W.2d at 27.  The improper admission of evidence does not
constitute reversible error if the same facts are proved by other properly
admitted evidence.  See Brooks v.
State, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999) (holding that any error
in the admission of hearsay testimony was harmless in light of other properly
admitted evidence proving same fact).

Sheeter=s
testimony duplicated Sergeant Moore=s
testimony with regard to the details of appellant=s threat
of retaliation.  Because other testimony
was admitted that proved the same fact, the erroneous admission of hearsay
testimony is harmless.  We overrule
appellant=s third issue.

We affirm the trial court=s
judgment.

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Memorandum Opinion filed November 24, 2004.

Panel consists of Justices Anderson, Hudson, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).