NUMBER
13-03-743-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

EUGENIO MARTINEZ,                                                                      Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                     On appeal from the 117th
District Court

                                        of
Nueces County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 

 








After a jury trial, appellant, Eugene Martinez, was
convicted of the offense of retaliation under section 36.06(a)(1)(A) of the
Texas Penal Code.  He appeals on the
grounds of legal and factual insufficiency and improper admission of extraneous
offenses.  We affirm the judgment of the
trial court.

I.  Facts and
Procedural History

Appellant was originally arrested for public
intoxication.  The arresting officer,
Captain Manuel Garza,  testified that
after he handcuffed appellant, appellant turned and spat in his face.  Captain Garza then bent  appellant over a trash container and held him
so that he was facing away from the officer. 
Appellant began kicking at the officer and making threats.  Captain Garza testified that appellant
threatened to Acut him up@ and beat him. 
Appellant also said he knew the officer=s
wife, described her as AOriental,@ and said he was going to Aslash her throat@ and Acut her up.@  Captain
Garza=s wife, a Filipina and a bus driver, testified that
prior to this incident, appellant frequently rode on her bus and greeted her by
name.  She also testified that each time
appellant got on her bus, he smelled strongly of alcohol.

Appellant was charged with two counts of
retaliation.  At the conclusion of trial,
defense counsel moved for an instructed verdict, claiming that the State had
not shown an intentional, knowing or willing effort on the part of the
appellant sufficient to effect the crime of retaliation.  The State responded that intent could be
inferred from the facts, and the trial court denied the motion.  A jury found appellant guilty for both counts
of retaliation:  one against Captain
Garza and another against Captain Garza=s wife.

Appellant claims the evidence to support his
conviction for retaliation is legally insufficient with regard to Captain Garza=s wife and factually insufficient with regard to
Captain Garza.  Appellant also claims the
wife=s statement that he smelled of alcohol was
inadmissable under Texas Rule of Evidence 404.








II. 
Sufficiency of the Evidence

A.  Legal
Sufficiency

In his first sub-issue, appellant claims evidence to
support his conviction for retaliation is legally insufficient with regard to
Captain Garza=s wife.   
Appellant argues that the wife is not a public servant, and therefore
any threats against her fall outside the definition of retaliation under the
Texas Penal Code.

In a legal sufficiency challenge we must question
whether, after reviewing the evidence in the light most favorable to the
prosecution, a rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt.  Ross
v. State, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).  Therefore, we consider only the evidence and
inferences tending to support the findings and disregard all evidence and
inferences to the contrary.  Love v.
State, 972 S.W.2d 114, 118 (Tex. App.BAustin 1998, pet. denied).








A person is guilty of retaliation if he
intentionally or knowingly threatens to harm another by an unlawful act in
retaliation for the service of another as a public servant, witness, or
informant.  Tex. Pen. Code Ann. ' 36.06(a)(1)(A) (Vernon 2004).  Section 1.07(a)(5) defines Aanother@ as Aa person other than the actor.@  The State
therefore argues that a threat against a third party in retaliation for the
actions of a public servant fall under the scope of retaliation.  In support of this position, the State cites Sewell
v. State, 629 S.W.2d 42 (Tex. Crim. App. 1982), in which a burglar
retaliated against an informant by threatening to throw acid on or kill her
child.  Id. at 43.  The State argues that by affirming his
conviction, the court of criminal appeals accepted a threat against a third
party as an element of retaliation under section 36.06.  See id.  We agree. 
Therefore, the overall facts, viewed in a light most favorable to the
prosecution, show that the evidence is legally sufficient to support the
verdict.  See Hernandez v. State, 69
S.W. 3d 211, 212 (Tex. App.BCorpus Christi 2001, no pet.) (holding threats
against the witness and her mother were sufficient to establish retaliation); see
also In re B.P.H. 83 S.W.3d 400, 409 (Tex. App.BFort Worth 2002, no pet.) (finding retaliation in
threats made against a witness and her parents).  Appellant=s
first sub-issue is overruled.  

B.  Factual
Sufficiency

In his second sub-issue, appellant contends evidence
to support his conviction for retaliation is factually insufficient with regard
to Captain Garza.  Appellate argues that
his threats against Captain Garza were made not in retaliation for his arrest
but instead for the illicit exercise of official power committed when Captain
Garza bent him over the trash container. 


In reviewing factual sufficiency, we must examine
all the evidence, favoring neither side, to determine whether the verdict is Aso contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust.@  Johnson v. State, 23 S.W.3d 1, 6‑7
(Tex. Crim. App. 2000) (citing Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996)).  In conducting
this review, we must be mindful that the jury is the sole judge of the weight
and credibility of the evidence.  Id.
at 7.  The jury may accept or reject all
or any part of any witness's testimony.  Garza
v. State, 82 S.W.3d 791, 793 (Tex. App.BCorpus
Christi 2002, no pet.). 








Here, appellant contests whether Captain Garza acted
within the scope of his duties as a public servant when he restrained appellant
and whether those actions prompted appellant=s
threats.  Upon a neutral review of all
the evidence, we find that the verdict is not contrary to the overwhelming
weight of the evidence.  See Johnson,
23 S.W.3d at 6-7.  A trier of fact could
reasonably conclude that Captain Garza acted properly and within the scope of
his duties by restraining someone who had just spit in his face, and that the
arrest elicited appellant=s threats. 
Appellant=s second subissue is therefore overruled.

Appellant=s claims of factual and legal sufficiency are
overruled.

III. 
Extraneous Offenses

In his second issue, appellant claims the court
erred in admitting evidence of extraneous acts. 
Specifically, he complains that during the trial, Captain Garza=s wife testified, AEvery
time he get on my bus I smell strong smell like alcohol.@  In a
pre-trial hearing, the parties addressed the admissibility of this
testimony.  Appellant=s trial counsel objected to the relevance of this statement
and asserted the testimony was more prejudicial than probative because it
characterized appellant as a drunk.  He
did not raise a rule 404 objection.  See
Tex. R. Evid. 404.








Evidence of extraneous bad acts are generally not
admissible if the purpose is to show the defendant=s character.  Tex. R. Evid. 404(b).  The State contends that we need not reach the
merits on this issue because appellant=s counsel did not raise a 404(b) objection.  See Medina v. State, 7 S.W.3d 633, 643
(Tex. Crim. App. 1999) (holding that a relevancy objection did not preserve a
rule 404 error for appeal).   We
agree.  Because counsel raised no
objection under 404, no complaint was preserved for appeal. See Tex. R. App. P. 33.1(a)(1).  However, we note that even presuming that the
testimony was admitted in error, we conclude that it was nonetheless harmless
in light of other evidence available to the jury. See Johnson v. State,
967 S.W.2d 410, 417 (Tex. Crim. App. 1998) 
(AA criminal conviction should not be overturned for
non‑constitutional error if the appellate court, after examining the
record as whole, has fair assurance that the error did not influence the jury,
or had but a slight effect.@); see also Tex.
R. App. P. 44.2.

Appellant=s second issue is overruled.

IV. 
Conclusion

We affirm the judgment of the trial court.

   

 

                                           

Rogelio Valdez,

Chief Justice

 

 

 

Do not Publish.

Tex. R. App. P. 47.2 (b) 

 

Memorandum Opinion delivered and
filed

this 4th day of August,
2005.