**Affirmed and Memorandum Opinion filed August 14, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-01059-CR
_____

**ABSALOM SENECA OWENS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 1304614**

## MEMORANDUM OPINION

Appellant, Absalom Seneca Owens, was convicted of aggravated robbery with a deadly weapon and sentenced to fifteen years in prison. On appeal, he argues that the trial court erred in allowing a State witness to testify that appellant used a real firearm in a prior robbery. We affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On April 29, 2011, appellant walked into a Houston-area Ford dealership and expressed interest in buying a Ford F-450 King Ranch "dually" truck. He was greeted by an employee named Dave Lumpkin. Appellant gave Lumpkin his driver's license and

proof of insurance, which explicitly noted the VIN number of the vehicle he came to view. Appellant and Lumpkin left on a test drive. Almost immediately after pulling out of the dealership, appellant departed from the directed route and pulled over into a parking lot. Lumpkin looked down at the center console to see appellant holding a gun, and appellant told him to get out of the vehicle. Lumpkin complied and appellant drove away in the truck.

Appellant was charged with aggravated robbery with a deadly weapon. Appellant opted for a bench trial. His sole argument at trial was that he had not used an actual firearm when he had stolen the truck, but instead had used a BB gun that looked like a real gun. Lumpkin testified that he was "positive" that the gun used was not a BB gun. Appellant took the stand and maintained that it would not have been legally possible for him to purchase an actual gun because he was a felon and is barred from purchasing firearms.

After appellant's testimony, the State called a rebuttal witness by the name of Michael Reese to testify that appellant had used a real gun in a remarkably similar aggravated robbery two years earlier. Over appellant's relevance and Rule 404 objections, Reese testified that when he was working at a Ford dealership in 2009, appellant came to the lot and, as in the charged offense, asked to see a Ford F-450 "dually." At the time, by his own admission, appellant was a felon.[1] Appellant presented Reese with his driver's license and insurance card, which, as in the present case, explicitly noted the VIN number of the vehicle he came to view. According to Reese, he and appellant proceeded to go on a test drive and appellant veered off the normal route. Reese testified that appellant pulled off the road, showed him a semiautomatic gun, and told him to exit the vehicle. After Reese complied, appellant drove away in the truck. Reese testified that he was "100 percent" certain that the gun appellant had used was real. Reese stated that he had familiarity with both semiautomatic weapons and BB guns, and that the motion he saw

---

[1] Appellant admitted that he had been convicted in 2008 for unauthorized use of a motor vehicle.

appellant make when he chambered the round was a "totally different motion" from what he has personally experienced with BB pistols and BB rifles.

The trial court found appellant guilty of aggravated robbery and sentenced him to fifteen years in prison. In his sole issue on appeal, Owens argues that the trial court erred when it admitted Reese's testimony.

## II. ANALYSIS

We review a trial court's ruling on admissibility of extraneous offenses under an abuse of discretion standard. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). We will not reverse a trial court's ruling on evidentiary matters unless the decision was outside the zone of reasonable disagreement. *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007). If the trial court's ruling can be justified on any theory of law applicable to that ruling, the ruling will not be disturbed. *De La Paz*, 279 S.W.3d at 345 (citing *Sewell v. State*, 629 S.W.2d 42, 45 (Tex. Crim. App. 1982) ("When a trial court's ruling on the admission of evidence is correct, although giving a wrong or insufficient reason, this Court will not reverse if the evidence is admissible for any reason.")).

Relevant evidence of the defendant's bad character is generally not admissible in order to show that he acted in conformity with that bad character. TEX. R. EVID. 404(b). However, evidence of an extraneous offense may be admissible under Rule 404(b) to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* Extraneous-offense evidence is admissible when it is offered to rebut a defense issue that negates one of the elements of the crime charged. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). To be admissible on this basis, the evidence must logically serve to make more or less probable (1) an elemental fact, or (2) defensive evidence that undermines an elemental fact. *Martin v. State*, 173 S.W.3d 463, 466 (Tex. Crim. App. 2005) (citing *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990)). Similarly, extraneous-offense evidence is admissible to rebut a false

3

impression created by the defendant. *Daggett v. State*, 187 S.W.3d 444, 453 (Tex. Crim. App. 2005). "Where a witness creates a false impression of law abiding behavior, he 'opens the door' on his otherwise irrelevant past criminal history and opposing counsel may expose the falsehood." *Delk v. State*, 855 S.W.2d 700, 704 (Tex. Crim. App. 1993). Under this exception, "when a witness's blanket assertion of exemplary conduct is directly relevant to the offense charged, the opponent may both cross-examine the witness and offer extrinsic evidence rebutting the statement. *Winegarner*, 235 S.W.3d at 790-91 (quoting *Daggett*, 187 S.W.3d at 453 n.24 (internal quotation marks omitted)).

In this case, appellant's testimony created the false impression that he could not obtain a real gun because he was a felon. This false impression was directly relevant to the charged offense, and served to undermine an elemental fact—that the gun used was a real gun. Reese's testimony that appellant had access to a real gun in 2009 despite his status as a felon at that time corrected this false impression and thereby served to rebut appellant's testimony that he did not use a real gun. Reese's testimony was therefore admissible to rebut appellant's testimony and the false impression it created.

Reese's testimony was also admissible as proof of appellant's modus operandi. *See Casey*, 215 S.W.3d at 880. The proponent of modus operandi evidence must show that the extraneous offense was nearly identical in method to the charged offense so "'as to earmark them as the handiwork of the accused.'" *Owens v. State*, 827 S.W.2d 911, 915 (Tex. Crim. App. 1992) (quoting *Collazo v. State*, 623 S.W.2d 647, 648 (Tex. Crim. App. 1981)). Under the theory of modus operandi, the proposed evidence is relevant because the pattern and characteristics of the crime with which the defendant has been charged and of the extraneous offense are so distinctively similar that they constitute a signature. *Segundo v. State*, 270 S.W.3d 79, 88 (Tex. Crim. App. 2008). Although the theory of admissibility for modus operandi usually refers to evidence offered to prove identity, it is not limited to that purpose alone. *Casey*, 215 S.W.3d at 881. Modus operandi may include the theory of "doctrine of chances" to show motive, the manner of committing an

offense, or lack of consent.  *Id.*   The doctrine of chances posits that highly unusual events are not likely to repeat themselves inadvertently or by happenstance.  *De La Paz*, 279 S.W.3d at 347.

Here, Reese's testimony shows appellant's "distinctive and idiosyncratic manner" of committing aggravated robbery.   At the time of their respective robberies, both Lumpkin and Reese were employed at Ford dealerships.   Lumpkin and Reese each testified that appellant had expressed interest in Ford F-450 "dually" trucks.   Appellant provided to both Lumpkin and Reese his license and an insurance card representing a policy he purchased for the very truck he came to test drive.   In both cases, appellant immediately veered from the pre-determined route, pulled over, brandished a weapon, and told the employee to exit the vehicle.   Both Lumpkin and Reese testified that the weapon that appellant used was a semiautomatic firearm.   Both complainants described appellant holding the gun in his left hand.   Both complainants stated that when they exited the trucks, appellant drove away in the truck.   Lumpkin testified that he was "positive it wasn't a BB gun."   Reese also testified that he was 100% certain that appellant used a real gun in the 2009 robbery.   The remarkable similarities between the two robberies plainly add up to a "signature," and the testimony was admissible to show appellant's opportunity, intent, preparation and plan to commit an aggravated robbery.   Because Reese's testimony was admissible on either of these two bases, the trial court did not abuse its discretion in admitting it.   We overrule appellant's sole issue on appeal.[2]

---

[2]  Appellant also argues that the testimony was inadmissible under Rule 403 because its probative value was substantially outweighed by its prejudicial effect.   However, he objected to Reese's testimony only on relevance and Rule 404 grounds and therefore failed to preserve his Rule 403 argument for appeal.   *See Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (a motion which states one legal theory cannot be used to support a different legal theory on appeal).

### III. CONCLUSION

We affirm the trial court's judgment.


/s/  Tracy Christopher
     Justice


Panel consists of Justices Boyce, Jamison, and Christopher.

Do Not Publish — TEX. R. APP. P. 47.2(b).