**Opinion filed July 26, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00216-CR

_____

## ADAM SOSA, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 132nd District Court**
**Scurry County, Texas**
**Trial Court Cause No. 10378**

## MEMORANDUM OPINION

The jury convicted Adam Sosa, Jr. of possession of a controlled substance and assessed his punishment at confinement for two years in the State Jail Division of the Texas Department of Criminal Justice. We affirm.

Appellant presents two issues on appeal. In his first issue, Appellant asserts that the trial court erred when it admitted extraneous offense evidence. In his second

issue, Appellant asserts that the evidence is legally and factually insufficient to support a conviction for possession of a controlled substance.

We first address Appellant's second issue, which concerns the sufficiency of the evidence. We hold that the evidence is sufficient.

In the early morning hours of November 28, 2015, Officer Alex Gallagher stopped Appellant for driving a vehicle that had an expired registration sticker. When he performed a "records check," Officer Gallagher discovered that Appellant's driver's license was suspended, and he placed Appellant under arrest for driving without a valid license. Officer Gallagher searched Appellant, but he did not find any drugs.

Meanwhile, Sergeant Lea Tarter conducted an inventory search of Appellant's vehicle. Sergeant Tarter found a backpack in the backseat. The backpack contained a digital scale; the scale had white residue on it. Officer Gallagher testified that, in his experience, digital scales are associated with illegal drugs. When she searched the backpack, Sergeant Tarter also found a sandwich baggie; a corner had been torn off the sandwich baggie. Sergeant Tarter testified that, in her experience, those type of baggies are used by people who use narcotics.

Officer Gallagher handcuffed Appellant and placed him in the backseat of the patrol car. Although Appellant's hands were handcuffed behind his back, he was still able to shift around in the backseat. At one point, Appellant lifted himself off the seat in an attempt to stand up.

Once they arrived at the jail, Officer Gallagher asked Appellant whether he had any drugs on him. Appellant told him that he did not. Because Appellant sounded unsure of his answer, Officer Gallagher asked the jail staff to "strip search" Appellant. Officer Gallagher went back to his patrol car, and when he searched under the backseat, he found a small plastic baggie of methamphetamine.

Officer Gallagher testified that he routinely checks the backseat of his patrol car after he transports suspects to jail. He further testified that he was confident that there were no illegal substances in his patrol car before he placed Appellant in the backseat.

Five months later, on April 15, 2016, Officer Gallagher again arrested Appellant for driving without a valid license. Officer Gallagher searched Appellant and found several small plastic baggies that contained a crystal residue. The baggies appeared similar to the plastic baggie that Officer Gallagher found the in the backseat of his patrol car on November 28. When Officer Gallagher searched Appellant's vehicle on this occasion, he found a cardboard box that had contained a synthetic urine kit.

We review the sufficiency of the evidence, whether denominated as a legal or a factual sufficiency claim, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Appellant contends that the evidence that conflicted with the jury's verdict was so overwhelming that the verdict is against the great weight and preponderance of the evidence. Specifically, Appellant notes that the plastic baggie that contained methamphetamine was never tested for fingerprints. Appellant further points out that, when the police stopped him on November 28, he pulled over immediately. Officer Gallagher thoroughly searched Appellant before he put Appellant in the patrol car, and Appellant's hands were handcuffed tightly behind his back. When

he was placed in the patrol car, Appellant said, "ouch," and then began shifting around in the backseat. Appellant contends that, in order to drop something under the seat, it would have been necessary for him to unhinge the seat. As a part of his conflicting evidence argument, Appellant mentions that a man named Guerrero had accused Officer Gallagher of "plant[ing] dope." Finally, although Officer Gallagher testified that he was confident that there were no illegal substances in his vehicle before Appellant rode in the backseat, Appellant notes that a known drug offender had been riding in the patrol car just prior to the time that Officer Gallagher put Appellant in the backseat. Appellant also points out that there is no video to show that Officer Gallagher searched the backseat of the patrol car between the time that the known drug offender left the patrol car and the time that Officer Gallagher put Appellant in the patrol car.

However, much of this evidence was contested by the State. Although Officer Gallagher testified that unhinging the seat is the easiest way to access the space underneath it, there is no evidence that it is the only way to do that. Officer Gallagher contradicted Guerrero's accusation that he had "plant[ed] dope" and noted that he never filed possession charges against Guerrero because he did not believe that he could confidently testify that the "dope" (in fact, a glass narcotics pipe) had actually been in Guerrero's possession. Officer Gallagher further testified that the incident with Guerrero led him to make it a habit to check the backseat of his patrol car after every arrest. Officer Gallagher also explained that he does not turn on his body camera every time he searches the backseat of his patrol car.

It is the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to reach ultimate facts. *Jackson*, 443 U.S. at 319. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer

4

to that determination. *Jackson*, 443 U.S. at 326; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We overrule Appellant's second issue.

In his first issue, Appellant asserts that the trial court erred when it admitted evidence of extraneous offenses. Specifically, Appellant claims that the following evidence was inadmissible: the testimony that concerned the digital scale with the white powder residue on it; the evidence that pertained to the sandwich baggie that the police found in Appellant's vehicle on November 28; the testimony connected with Appellant's arrest for driving without a valid license on April 15; a photograph of the additional small plastic baggies that the police found on Appellant's person on April 15; and a photograph of the packaging for synthetic urine that the police found in Appellant's car on April 15.

In response to Appellant's extraneous offense claims, the State contends that Appellant's first issue is multifarious and presents nothing for review. We recognize that Appellant's first issue is multifarious, but in the interest of justice, we will review all the arguments that Appellant has presented. *See* TEX. R. APP. P. 38.1; *Davis v. State*, 329 S.W.3d 798, 820 (Tex. Crim. App. 2010).

To preserve a complaint for appellate review, a party must present the trial court with a timely request, objection, or motion in which the party states the specific grounds for the ruling that he wants the trial court to make, if those grounds are not apparent from the context, and the party must obtain a ruling. TEX. R. APP. P. 33.1(a); *Moore v. State*, 371 S.W.3d 221, 225 (Tex. Crim. App. 2012); *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). Preservation is a "systemic requirement" on appeal. *Ford*, 305 S.W.3d at 532.

At trial, Appellant objected to the testimony that concerned the digital scale, the photograph of the cardboard packaging for synthetic urine, and the photograph of the small plastic baggies. However, the testimony that related to the sandwich baggie with the torn off corner and the evidence about Appellant's subsequent arrest

5

for driving without a valid license were offered without objection.[1]  Appellant has not preserved the latter two arguments for appellate review.  We will therefore limit our analysis of Appellant's first issue to the digital scale, the photograph of the small plastic baggies, and the photograph of the synthetic urine packaging.  Appellant contends that this evidence was irrelevant, that it was offered merely to attack his character, and that its probative value was substantially outweighed by the danger of unfair prejudice.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard.  *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009).  We will uphold a trial court's ruling as long as it is within the "zone of reasonable disagreement" or "correct on any theory of law applicable to that ruling."  *Id.* at 343–44 (first quoting *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991); and then citing *Sewell v. State*, 629 S.W.2d 42, 45 (Tex. Crim. App. 1982)).

Under Rule 402 of the Texas Rules of Evidence, "[i]rrelevant evidence is not admissible."  TEX. R. EVID. 402.  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  TEX. R. EVID. 401.

Under Rule 403, relevant evidence may be excluded if its "probative value is substantially outweighed by a danger of . . . unfair prejudice."  TEX. R. EVID. 403.  Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence is more probative than prejudicial.  *Hayes v. State*, 85 S.W.3d 809, 815 (Tex. Crim. App. 2002); *Montgomery*, 810 S.W.2d at 389.  Evidence is unfairly prejudicial when it has an undue tendency to suggest an improper basis for reaching

---

[1]When the State's attorney began to ask questions regarding the events of April 15, Appellant "re-urge[d] the objections that were made [that] morning" concerning the fake urine kit packaging and the small plastic baggies.  However, no additional objections were raised.

a decision. *Reese v. State*, 33 S.W.3d 238, 240 (Tex. Crim. App. 2000); *Render v. State*, 347 S.W.3d 905, 921 (Tex. App.—Eastland 2011, pet. ref'd). When we review a trial court's determination under Rule 403, we reverse the trial court's judgment "rarely and only after a clear abuse of discretion." *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999) (quoting *Montgomery*, 810 S.W.2d at 392). An analysis under Rule 403 includes, but is not limited to, the following factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Hernandez v. State*, 390 S.W.3d 310, 324 (Tex. Crim. App. 2012) (citing *Montgomery*, 310 S.W.2d at 389–90); *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006).

Under Rule 404, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." TEX. R. EVID. 404(a). Under Rule 404(b), evidence of an extraneous offense may be admissible as proof of motive, intent, knowledge, identity, or absence of mistake or accident. TEX. R. EVID. 404(b). In other words, Rule 404(b) requires evidence of an extraneous offense to be "relevant to a material, non-propensity issue." *De La Paz*, 279 S.W.3d at 344.

The digital scale evidence was relevant evidence and was not merely used to show character conformity. Appellant contended at trial that he did not possess methamphetamine on November 28. Although there is no evidence that the white residue on the digital scale was an illegal drug, Officer Gallagher testified that, in his experience, digital scales of this type are typically connected to illegal drugs. Therefore, evidence that Appellant possessed the digital scale at the time that he was arrested is relevant to the issue of whether Appellant intentionally or knowingly possessed methamphetamine.

Similarly, the photograph of the empty synthetic urine packaging was relevant to show that Appellant intentionally or knowingly possessed methamphetamine. When the trial court overruled Appellant's objection to this evidence, it noted that the sole purpose of synthetic urine is "to hide the existence of drugs in one's system."

Appellant also contends that the trial court erred when it allowed the jury to infer that Appellant was in possession of methamphetamine on November 28 based on evidence that he was a drug user on April 15. We disagree. During opening statements, Appellant's counsel painted for the jury a picture of an innocent man who was pulled over for an expired registration sticker and who was completely compliant with law enforcement officers. Appellant's counsel emphasized that Appellant was thoroughly searched and that there was no evidence that Appellant possessed any drugs. Later, Appellant introduced evidence that another suspect with a "documented drug history" may have, in fact, left the drugs in the backseat. Thus, the State was entitled to rebut the defensive theory with evidence that Appellant was not the innocent victim of bad luck but, instead, had intentionally and knowingly possessed methamphetamine.

The small plastic baggies that Officer Gallagher found when he searched Appellant on April 15 were relevant to rebut Appellant's contention at trial that he did not possess the small plastic baggie of methamphetamine found in the backseat of Officer Gallagher's patrol car. Although there was no evidence that the small plastic baggies contained either methamphetamine or any other illegal substance, the baggies were similar in size and appearance to the baggie found on November 28. Therefore, the evidence was relevant to show that the baggie of methamphetamine at issue in this case also belonged to Appellant.

The probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. The State took a substantial amount of time to develop the extraneous offense evidence. However, Appellant's defensive theories

strengthened the State's need for this evidence. Further, the extraneous offenses in question were relatively minor. Therefore, it is unlikely that this evidence influenced the jury "in some irrational, yet indelible, way." *See Hernandez*, 390 S.W.3d at 324; *Shuffield*, 189 S.W.3d at 787. We cannot, therefore, conclude that the trial court clearly abused its discretion when it allowed the jury to hear this evidence.

Finally, Appellant contends that he was denied due process because law enforcement officers destroyed the digital scale and the cardboard box. However, Appellant cites no authority for the proposition that the State must preserve those items for him. We overrule Appellant's first issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

JIM R. WRIGHT

SENIOR CHIEF JUSTICE

July 26, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[2]

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.